UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

SEACOR PIEZO CERAMICS, LLC,

                Plaintiff,                **AFFIDAVIT**

      v.                                  Case No.: 3:01CV00754 (AWT)

APC INTERNATIONAL, LTD.,
AMERICAN PIEZO CERAMICS, INC.,
and FERROPERM PIEZOCERAMICS A/S,

                Defendants.

---

STATE OF NEW YORK  }
COUNTY OF MONROE  }  ss.:

      **Donald W. O'Brien, Jr., Esq.,** being duly sworn, deposes and says as follows:

      1.     I am an attorney and member of the firm of Woods Oviatt Gilman LLP, attorneys for the defendants and, as such, I am fully familiar with the facts and circumstances of this matter.

      2.     I make this affidavit in support of the defendants' motion for additional time to conduct discovery.

      3.     This is an action in which the plaintiff, Seacor Piezo Ceramics, LLC ("Seacor"), has sued the defendants, asserting various causes of action relating to the termination of Seacor's contract to serve as the United States agent and distributor for APC Denmark A/S ("Ferroperm") on April 20, 2001.

      4.     As this Court is aware, following an expedited discovery schedule, on July 30 and 31, 2001, a hearing was held in connection with Seacor's application for a preliminary injunction. At the conclusion of the proof, the Court entertained oral argument and, thereafter, advised counsel

{742787:}

that the requested preliminary injunction was likely to be granted. Accordingly, the Court invited the parties to work out the terms of a preliminary injunction order for submission to the Court.

5. Following a series of negotiations between counsel, a partial consent order was submitted to the Court with those issues upon which the parties could not agree left to the Court to resolve. On September 17, 2001, a preliminary injunction order was issued by the Court, replacing the temporary restraining order which had been in place since May 4th.

6. On or about March 6, 2003, the defendants, APC International, Ltd., American Piezo Ceramics, Inc. and Ferroperm, moved for partial summary judgment pursuant to Fed. R. Civ. P. 56(b) dismissing the plaintiff's fifth cause of action for relief under the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. §§ 42-10a *et seq.* (CUTPA). The motion was fully submitted on or about May 9, 2003. No oral argument was held.

7. On May 31, 2006, an endorsement order was issued by this Court denying the defendants' motion for partial summary judgment (a copy of this Court's order is attached hereto as **Exhibit "A"**).

8. Thereafter, the matter was referred to Magistrate Judge Donna F. Martinez for mediation. Following discussions between counsel for the parties and on or about September 25, 2006, the parties notified Judge Martinez that mediation at this time did not appear likely to produce an informal resolution of the matter.

9. On October 5, 2006, this Court issued its trial memorandum order, directing that the parties submit a trial memorandum on or before November 20, 2006 (a copy of this Court's trial memorandum order is attached hereto as **Exhibit "B"**).

10. The trial memorandum order presumed that all discovery was complete and that a trial date could be set. Ordinarily, this would be the case.

11. This is not a case in which the matter will proceed to trial shortly after the completion of discovery. Here, there has been a three (3) year hiatus while the defendants' motion for summary judgment was pending and much has happened during the intervening three (3) years which may be the subject of proof at trial. Indeed, in a conversation with plaintiff's counsel, Marie A. Casper, of Zeldes, Needle & Cooper, P.C., I confirmed that the evidence the plaintiff will present at trial will include evidence relating to events which transpired while the motion was pending, including actions taken by one or more of the defendants which the plaintiff will argue failed to conform with the constraints of the preliminary injunction order. For this reason, the defendants will need a limited opportunity to explore these issues through a follow-up deposition of Eve Volk, Seacor's principal, or supplemental document requests. Similarly, counsel for the plaintiff has recently requested that the defendants supplement their responses to the plaintiff's second set of request for the production of documents.

12. The undersigned recognizes that this motion is being brought as the deadline for submission of the joint trial memorandum approaches. Counsel have been reacquainting themselves with the file and, in preparation for the submission of the joint trial memorandum, have exchanged witness, exhibit and transcript excerpt lists. Nevertheless, as the Court is well aware, the process of preparing the joint trial memorandum focuses attention of counsel on the remaining issues, the evidence which might be submitted by the opposing parties in connection with those issues and the evidence which may be necessary in rebuttal.

13. This is an unusual case for another reason. As the Court is well aware, the preliminary injunction order was not, at least initially, designed to serve as the permanent injunction which the plaintiff was seeking. Nevertheless, because of the circumstances, that preliminary injunction remained in place until the end of the three (3) year run-out period contemplated by the

agreement at issue. For this additional reason, the claims of the plaintiff and the proof in support of those claims need to be re-evaluated and additional discovery may be necessary.

14. I have conferred with counsel for the plaintiff regarding this request for additional time for discovery. Ms. Casper does not object to the request and has indicated, that if the motion is granted, that she is likely to seek limited additional discovery on behalf of the plaintiff, as well.

15. For the reasons set forth above, I would respectfully submit that good cause has been shown for an order granting the parties additional time to conduct discovery so that any new facts which have come to light in the intervening three (3) years can be explored and all of the loose ends can be tied up. Because we understand the age of the case and the Court's interest in moving the matter along, a limited period of ninety (90) days is sought. Correspondingly, we would ask that the trial memorandum order be rescinded and that a new trial memorandum order be entered at the close of the ninety (90) day period.

_____
Donald W. O'Brien, Jr.

Sworn to before me this 17th day
of November, 2006.

_____
Notary Public

KRISTOPHER JOHN VURRARO
Notary Public, State of New York
Monroe County, Reg.# 02VU6070757
Commission Expires March 11, 20 10

{742787:}                                                                                                          4

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
SEACOR PIEZO CERAMICS, LLC    :
                              :
     Plaintiff,               :
                              :
v.                            :      Civil Action No.
                              :      3:01CV00754 (AWT)
APC INTERNATIONAL, LTD.,      :
AMERICAN PIEZO CERAMICS, INC. :
And APC DENMARK A/S,          :
                              :
     Defendants.              :
                              :
------------------------------x

## ENDORSEMENT ORDER

The defendants' motion for summary judgment is being denied for the reasons set forth below.

The defendants contend that a mere breach of contract cannot support a claim under CUTPA. However, where "substantial aggravating circumstances attend[] the breach," a claimant may recover under CUTPA, Boulevard Assoc's. v. Sovereign Hotels, Inc., 72 F.3d 1029, 1039 (2d Cir. 1995) (citing Emlee Equip. Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Supp. 575, 580 (Conn. Super. 1991)), and genuine issues of material fact exist as to whether substantial aggravating circumstances attended the alleged breach of contract.

The defendants also contend that the plaintiff's CUTPA claim must fail because the plaintiff did not suffer an ascertainable loss as a result of the defendants' conduct. However, the plaintiff has presented evidence sufficient to support a reasonable inference that the defendants' conduct resulted in

ascertainable loss to the plaintiff. See Service Road Corp. v. Quinn, 241 Conn. 630, 637-45 (1997) ("The fact that a plaintiff fails to prove a particular loss or the extent of the loss does not foreclose the plaintiff from obtaining injunctive relief and attorneys' fees pursuant to CUTPA if the plaintiff is able to prove by a preponderance of the evidence that an unfair trade practice has occurred and a reasonable inference can be drawn by the trier of fact that the unfair trade practice has resulted in a loss to the plaintiff.").

Accordingly, the Defendants' Motion for Partial Summary Judgment (Doc. No. 55) is hereby DENIED.

It is so ordered.

Dated this 31st day of May 2006 at Hartford, Connecticut.

                                        /s/
                                Alvin W. Thompson
                           United States District Judge

2

# EXHIBIT "B"

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------x
                               :
SEACOR PIEZO CERAMICS, LLC,    :
                               :
    Plaintiff,                 :
                               :
    v.                         :     Case No. 3:01CV754 (AWT)
                               :
APC INTERNATIONAL, LTD.        :
                               :
    Defendant.                 :
                               :
-------------------------------x
```

## TRIAL MEMORANDUM ORDER

It is hereby ORDERED that:

1. The parties shall jointly file with the Office of the Clerk, in one continuous document to be signed by all counsel, a Trial Memorandum for approval by the court. A courtesy copy shall be submitted to the chambers of the undersigned.

Except as modified hereby, the Trial Memorandum shall be submitted in compliance with Rule 10 of the Local Rules of Civil Procedure and the Standing Order Regarding Trial Memoranda in Civil Cases (the "Standing Order"), which is included in the Local Rules of Civil Procedure. The Trial Memorandum shall be filed no later than **November 20, 2006**.

**THE TRIAL MEMORANDUM SHALL CONTAIN THE INFORMATION REQUIRED BY THE STANDING ORDER; PROVIDED THAT, AS THE TRIAL IN THIS CASE WILL BE A COURT TRIAL, THE PARTIES NEED NOT COMPLY WITH THE PROVISIONS OF THE STANDING ORDER RELATING TO JURY TRIALS. IN**

**ADDITION, THE PROCEDURES SET FORTH BELOW SHALL BE FOLLOWED:**

**Witnesses**: For each expert witness (see paragraph 10 of the Standing Order), if any, the Trial Memorandum shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also, state the area of expertise and attach a curriculum vitae, if available.

If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the Trial Memorandum so that the objection can be resolved prior to trial.

**Exhibits**: With respect to exhibits (see paragraph 11 of the Standing Order), the parties shall also comply with the following requirements:

(a) The parties shall mark the plaintiff's and the defendant's respective exhibits in numerical order (e.g., "Plaintiff's Exhibit 1", etc. and "Defendant's Exhibit 1", etc.) with exhibit tags, which will be provided by the Clerk's Office upon request. Where there are multiple plaintiffs and/or defendants, counsel should coordinate exhibit identification to ensure that exhibit numbers are not duplicated.

(b) Copies of the actual exhibits shall be exchanged no

later than fourteen (14) days prior to trial. The original exhibits (with the exhibit list) and a complete copy of the exhibits (in a binder) shall be submitted to the Deputy Clerk at least one (1) day prior to trial.

(c) All objections to designated exhibits, except as to relevance, must be filed in writing not later than three (3) days prior to trial, together with a memorandum citing authorities in support of the objection, and will be resolved between the parties or by the court prior to trial.

**Anticipated Evidentiary Problems**: The parties shall attach to the Trial Memorandum motions in limine with memoranda of law concerning any anticipated evidentiary problems. (See paragraph 14 of the Standing Order.)

2. Counsel are requested to submit the Trial Memorandum on a computer disk (3.5" disk formatted for Word Perfect 5.1 or higher) to facilitate the preparation of final documents by the court.

3. Counsel shall note the following:

**Availability of Witnesses**: Each party shall ensure the availability at trial of each witness listed by that party unless the court and counsel are advised to the contrary not less than forty-eight (48) hours prior to the commencement of the evidence.

-3-

4. The deadlines established herein may not be modified by agreement of counsel. These deadlines may be modified only by an order of the court following a request for enlargement of time made by written motion showing good cause, which motion shall be filed no later than five (5) days before the date from which counsel seeks an extension.

It is so ordered.

Dated this 5th day of October, 2006, at Hartford, Connecticut.

                                                      /s/ AWT
                                         Alvin W. Thompson
                                     United States District Judge