# EXHIBIT F

## POTENTIAL EVIDENTIARY ISSUES
## (SUBMITTED ON BEHALF OF DEFENDANTS)

1.  The plaintiff, Seacor Piezo Ceramics, LLC ("Seacor"), currently has no pending claim for compensatory damages as framed by the pleadings. A review of the prayer for relief contained in Seacor's amended complaint reveals that Seacor seeks compensatory damages only with respect to its first two causes of action (anticipatory breach and breach of contract). Seacor also sought injunctive relief as a remedy for those alleged breaches. However, Seacor requested compensatory damages only in the event that complete equitable relief was not granted. Because Seacor was granted a temporary restraining order and a preliminary injunction and because the preliminary injunction extended throughout the entire three (3) year run-out period, the maximum period of time for which Seacor would be entitled to injunctive relief in any event, Seacor **was** awarded complete equitable relief. For this reason, there is no pending claim for compensatory damages and any proof in support of such a claim should be excluded.

2.  With respect to Seacor's claim for compensatory damages, Seacor is expected to try to prove its claim by comparing its sales or earnings during 2000 with its sales and earnings thereafter. The defendants intend to object to any proof of damages which is conjectural or speculative and not causally related to any alleged breach or other allegedly wrongful actions on the part of the defendants. A review of the testimony of Seacor's principal, Eve Volk, from both her deposition and the preliminary injunction hearing, as well as a review of the other evidence adduced during the discovery process and hearing, confirms that Seacor has suffered no loss of business attributable to any conduct on the part of the defendants. With respect to any claim of past damages, the defendants will object insofar as these damage claims have not previously been articulated in Seacor's pleadings and/or damage statements and are otherwise not supported

by admissible evidence. Similarly, the defendants will object to any opinion testimony regarding potential future damages insofar as this evidence is not reliable, supported by admissible evidence and consistent with the existing evidentiary standards for such proof.

3.  It is anticipated that Seacor may seek to introduce evidence of conversations with representatives of Seacor's customers in support of Seacor's claims. The defendants will object to any such testimony on the grounds of hearsay insofar as the recognized exceptions to the hearsay rule are not satisfied.

4.  The defendants recently learned that Seacor would be adding to its damage claims a demand for reimbursement of over $65.000.00 in costs incurred as a result of allegedly defective piezo ceramic parts sold to Seacor. This recent amendment to the plaintiff's damage estimate is the first notice the defendants have received regarding this claim and they have had virtually no opportunity to investigate it. For this reason, the defendants are reserving their rights to object to this claim and raise any evidentiary or other objections to plaintiff's proof in this regard.